

# UNITED STATES BANKRUPTCY COURT

## IN THE EASTERN DISTRICT OF MICHIGAN

In re:

**EDGAR J. DIETRICH,**

Debtor.

Case No. 13-57297

Chapter 7

HON. Marci B. McIvor

/

EDGAR J. DIETRICH
IN PRO PER
15832 Windmillpointe
Grosse Pointe Park, Michigan 48230
(313) 471-0702

/

## DEBTOR, EDGAR J. DIETRICH'S, MOTION TO REMOVE TRUSTEE, BASIL T. SIMON

NOW COMES Debtor, Edgar J. Dietrich, In Pro Per, and for his Motion to Remove Trustee, Basil T. Simon, states as follows:

1.     That the Debtor, Edgar J. Dietrich, is an eighty-eight (88) year old disabled, honorably discharged veteran, who practiced law for forty-one (41) years.

2.     That the Debtor, Edgar J. Dietrich, respectfully requests that Honorable Court remove Trustee, Basil T. Simon, and appoint an impartial Trustee to this bankruptcy matter.

3.     That through counsel, Anthony P. Patti, On August 13, 2013, a creditor of the Debtor filed an "Ex-Parte Motion For Appointment of a Receiver, to Reinstate Injunction, and to Add a Party in Proceedings Supplementary to Judgment Pursuant to MCR 2.621-622". The Orders dated August 30, 2013 and August 26, 2013, which are

improper and unlawful under Bankruptcy Code 11 U.S.C. § 362, asked for an injunction and to appoint a receiver against the Defendant (Debtor), Edgar J. Dietrich, and properties originally purchased through a twenty-eight (28) year old family trust. The property in question, Le Chateau Art Gallery & Custom Framing, LLC, is an art gallery which sells pictures and books over the internet. Many of the properties on the premises are contingent in nature and owned by others. Le Chateau Art Gallery & Custom Framing, LLC, is a Michigan Limited Liability Company, with Eric Justin Dietrich, as its President, and owned by the Children's Family Irrevocable Trust, of which, Eric Justin Dietrich is the Trustee. The Debtor, Edgar J. Dietrich, has an office within the art gallery and assists his son, Eric Justin Dietrich, in selling and developing the business.

4. That the Ex-Parte Motion is part and parcel of Wayne County Circuit Case Number 02-227087-NM, with the involved parties being "Peter K. Tiernan, M.D., an individual, plaintiff v. Edgar Dietrich, individual and Attorney at Law; Dietrich & Associates P.L.C., Dietrich & Cassavaugh P.C., a Michigan Profession Corporation, which are defunct law firms. Edgar J. Dietrich has not practiced law since 2001.

5. That on August 21, 2013, the Debtor, Edgar J. Dietrich, filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Eastern District, Bay City Division, and was assigned Case Number 13-22160, and Trustee, Daniel Himmelspach.

6. That the Debtor's Bankruptcy Petition was removed to the Eastern District of Michigan – Detroit, Michigan and reassigned case number 13-57297, in front of Judge Phillip J. Shefferly, who recused himself, and now in front of your Honor.

7. That on August 22, 2013, the Wayne County Circuit Court was advised of the Debtors Bankruptcy Petition; and that that he was not the owner of Le Chateau Art

Gallery & Custom Framing, LLC, and that the building which houses said business was owned by the City of Grosse Pointe Park, Michigan, to which the Children's Family Irrevocable Trust pays rent.

8.     That on August 22, 2013, Plaintiff's counsel, Anthony P. Patti, was advised by the Wayne County Circuit Court that the Defendant (Debtor's) bankruptcy petition was in effect and instructed Plaintiff's counsel to prepare an Order in accordance with the automatic stay made and provided by the bankruptcy petition and pursuant to 11 U.S.C. § 362.

9.     That the Plaintiff's Ex-Parte Motion was granted on August 26, 2013, thereby adding as a Defendant Le Chateau Art Gallery & Custom Framing, LLC, which the Plaintiff purported to be owned by Defendant (Debtor), Edgar J. Dietrich, and Basil T. Simon was appointed as a Receiver and was appointed to secure the premises.

10.    That upon the Receiver, Basil T. Simon, entering the premises of Le Chateau Art Gallery & Framing, LLC, subsequent to the August 26, 2013 Order, Debtor, Edgar J. Dietrich, refused to allow Mr. Simon on the property reiterating to him that he was not the owner of Le Chateau Art Gallery & Custom Framing, LLC, and that the building which houses said business was owned by the City of Grosse Pointe Park, Michigan, to which the Children's Family Irrevocable Trust pays rent.

11.    That subsequently, Anthony P. Patti and Basil T. Simon, filed an Emergency Motion and scheduled it for Hearing on August 30, 2013, of which the Debtor, Edgar J. Dietrich, was not given Notice, and was not given a chance to argue the merits of the case.

12.    That on August 30, 2013, despite the automatic stay provisions of 11

U.S.C. § 362, and the Court being fully advised thereof, the Wayne County Circuit Court, Judge Marvin Stempien, entered an Order Regarding Plaintiff's Emergency Motion for Order to Hold Edgar J. Dietrich and Le Chateau Art Gallery & Custom Framing, LLC ("Gallery") in Civil and/or Criminal Contempt, to Strike Defendant's Recently Filed Objections to Receivership Order and to Direct the Wayne County Sheriff to Assist the Receiver Basil T. Simon, in Seizing the Gallery. The Orders of August 30, 2013 and August 26, 2013, were obtained from the Ex-Parte Motion in which the Plaintiff's counsel performed an extraordinary character assassination of the Debtor, Edgar J. Dietrich, and to which the Debtor, Edgar J. Dietrich, was unable to exercise his right to be heard in open court. Furthermore, said Orders unlawfully and illegally bind others (besides the Debtor, Edgar J. Dietrich) to the unlawful and illegal seizure of property not belonging to the Debtor, Edgar J. Dietrich.

13.     That said Order states that Debtor, Edgar J. Dietrich, Le Chateau Art Gallery & Custom Framing, LLC, and all agents thereof are directed to cease and desist from any further interference in the Receiver, Basil T. Simon's, exercise of his duties.

14.     That said Order also states that "The Wayne County Sheriff is directed to assist the Receiver, Basil Simon, as necessary, to seize the Gallery and all property found therein or owned thereby and in the performance of duties spelled out in the August 26, 2013 Order by which the Receiver was appointed, and the local police force of Grosse Pointe Park is likewise directed to respect these orders and assist in any way necessary to see that they are carried out."

15.     That said Order also directs that Debtor, "Edgar Dietrich is ordered to leave and stay off of the premises of the Gallery, located at 15001 Charlevoix Street,

Grosse Pointe, Park, MI 48230."

16. That on September 3, 2013, the Receiver, Basil T. Simon, did in fact seize Le Chateau Art Gallery & Custom Framing, LLC and all property found therein or owned thereby and in the course of so doing, changed the locks on the premises.

17. That as a result of the Receiver, Basil T. Simon's, actions, Le Chateau Art Gallery & Custom Framing, LLC, with Eric Justin Dietrich, as its President, and owned by the Children's Family Irrevocable Trust, of which, Eric Justin Dietrich is the Trustee, has been illegally and unlawfully "shut down" and business operations immediately ceased thereby constituting an unlawful seizure of property which is not owned by the Debtor, Edgar J. Dietrich, and has caused irreparable harm and hardship to Eric Justin Dietrich, individually, d/b/a Le Chateau Art Gallery & Custom Framing, LLC, and in his capacity as Trustee of the Children's Family Irrevocable Trust; as well as consignors of the Le Chateau Art Gallery & Custom Framing, LLC.

18. That as a result of the Receiver, Basil T. Simon's, actions, Le Chateau Art Gallery & Custom Framing, LLC, with Eric Justin Dietrich, as its President, and owned by the Children's Family Irrevocable Trust, of which, Eric Justin Dietrich is the Trustee, has been unlawfully and illegally closed causing its employees, consignors, business associates, customers, and affiliates have suffered a loss in wages, irreparable harm and hardship.

19. That also as a result of the Receiver, Basil T. Simon's actions, the Debtor, Edgar J. Dietrich, has literally been locked out of Le Chateau Art Gallery & Custom Framing, LLC, a Michigan Limited Liability Company, with Eric Justin Dietrich, as its President, and owned by the Children's Family Irrevocable Trust, of which, Eric Justin

Dietrich, is the Trustee, and has thereby been denied his constitutional right to earn a living by assisting his son, Eric Justin Dietrich, in selling and developing the business and as such is suffering irreparable harm.

20.     That on September 13, 2013, Eric Justin Dietrich, an individual, and d/b/a Le Chateau Art Gallery & Custom Framing, LLC, a Michigan Limited Liability Company, with Eric Justin Dietrich, as its President, and owned by the Children's Family Irrevocable Trust, of which, Eric Justin Dietrich, is the Trustee, filed suit in the U.S. District Court – Eastern Division of Michigan, civil suit *Dietrich, et. al. v. Tiernan, et. al.,* Case Number 5:13-cv-13935, naming Basil T. Simon as a party Defendant (amongst others).

21.     That on September 16, 2013, three days after the filing of the aforesaid Federal Complaint, coincidently Basil T. Simon, who was appointed by attorney, Anthony P. Patti, as the Receiver in the Wayne County Circuit Court civil suit *Tiernan v. Dietrich, et. al.,* Case Number 02-227087 NM, and is also a named Defendant in the U.S. District Court – Eastern Division of Michigan, civil suit *Dietrich, et. al. v. Tiernan, et. al.,* Case Number 5:13-cv-13935, was appointed as Trustee in the bankruptcy matter at hand.

22.     That there is unequivocally, a conflict of interest, partiality, and bias regarding Trustee, Basil T. Simon, being a Receiver; pending Defendant; and Trustee of matters involving cases arising out of the same transaction or occurrence in which similar evidence will be offered and the same or related parties are involved.

23.     That Trustee, Basil T. Simon, was not appointed pursuant to the U.S. Department of Justice, Executive Office for U.S. Trustees, Handbook for Chapter

Trustees, Chapter 2, subsection (F) – Method of Case Assignment. The Handbook specifically states that "The United States appoints panel members to chapter 7 cases on a fair and equitable basis by utilizing a blind rotation system that includes all chapter 7 cases. A system of blind rotation avoids the appearance of favoritism and eliminates the need to make individual judgments about case assignments." Clearly, Trustee Basil T. Simon, was not assigned to this bankruptcy case "on a a fair and equitable basis by utilizing a blind rotation system".

24.     That Trustee, Basil T. Simon, is clearly in violation of the U.S. Department of Justice, Executive Office for U.S. Trustees, Handbook for Chapter Trustees, Chapter 2, subsection (K) – Trustee Professionalism and Ethics, subpart (1) – Conflicts of Interest.

25.     That a trustee must be knowledgeable of sections 701(a)(1), 101(14), and 101(31), as well as any other applicable law or rules, and must decline any appointment in which the trustee has a conflict of interest or lacks disinterestedness. The trustee must have in place a procedure to screen new cases for possible conflicts of interest or lack of disinterestedness upon being appointed. 28 U.S.C. § 586.

26.     That if a trustee discovers a conflict of interest or a lack of disinterestedness after accepting the appointment, the trustee shall immediately resign from the case. Conflict waivers by either the debtor or creditor do not obviate the trustee's duty to resign.

27.     That the trustee must advise the United States Trustee upon the discovery of any potential conflict or lack of disinterestedness so that a determination can be made as to whether the appointment of a successor trustee is necessary. In addition, the trustee must

disclose any potential conflicts on the court record or at the meeting of creditors, or both. The trustee also must advise the United States Trustee upon discovery of any circumstances which might give rise to the appearance of impropriety. 28 U.S.C. § 586.

28.     That the Trustee, Basil T. Simon, is in clear violation of the U.S. Department of Justice, Executive Office for U.S. Trustees, Handbook for Chapter Trustees, Chapter 2, subsection (K) – Trustee Professionalism and Ethics, subpart (1) – Conflicts of Interest, subpart (a), which states "The trustee represents or has represented the debtor, or a creditor, an equity security holder, or an insider in other matters; and subpart (d), which states: d. "The estate has a potential cause of action against the trustee, an employee of the trustee, a client of the trustee or the trustee's firm or other person or entity with whom the trustee has a business or family relationship" In the matter at hand, Trustee, Basil T. Simon, is the Receiver in the Wayne County Circuit Court civil suit *Tiernan v. Dietrich, et. al.,* Case Number 02-227087 NM, and is also a named Defendant in the U.S. District Court – Eastern Division of Michigan, civil suit *Dietrich, et. al. v. Tiernan, et. al.,* Case Number 5:13-cv-13935

29.     That Trustee, Basil T. Simon, is also in violation of 11 U.S.C. § 101 (14) – Definitions, which states "(14) The term "disinterested person" means a person that—

(A) is not a creditor, an equity security holder, or an insider;

(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

30.     That given the circumstances surrounding this bankruptcy matter, Trustee, Basil T. Simon, can not act as an unbiased Trustee and fulfill his duties under 11 USC § 704

31.     That Trustee, Basil T. Simon, in his capacity of Receiver of the aforementioned Le Chateau Art Gallery & Custom Framing, LLC, has already determined that the "Gallery" is an asset of the Wayne County Circuit Court Plaintiff, Peter K. Tiernan, and would be biased of any so-called assets of the Debtor, Edgar J. Dietrich.

32.     That Basil T. Simon, as appointed Trustee in the bankruptcy matter at hand, creates the appearance of bias and given the totality of extraordinary circumstances at issue in this matter should be removed as Trustee and an impartial Trustee should be appointed to this bankruptcy matter.

33.     A demonstration that a bankruptcy trustee is biased, has a conflict of interest or is personally benefiting from his connection to a case all represent causes for removal of that trustee.

**WHEREFORE**, the Debtor, Edgar J. Dietrich, for the reasons set-forth within, respectfully requests that this Honorable Court remove Trustee, Basil T. Simon, and appoint an impartial Trustee to this bankruptcy matter.

Respectfully submitted,

Dated:  September 23, 2013

EDGAR J. DIETRICH
IN PRO PER
15832 Windmillpointe
Grosse Pointe Park, Michigan 48230
(313) 471-0702

9

# UNITED STATES BANKRUPTCY COURT

# IN THE EASTERN DISTRICT OF MICHIGAN

In re:

**EDGAR J. DIETRICH,**

Debtor.

Case No. 13-57297

Chapter 7

HON. Marci B. McIvor

_____/

EDGAR J. DIETRICH
IN PRO PER
15832 Windmillpointe
Grosse Pointe Park, Michigan 48230
(313) 471-0702

_____/

## DEBTOR, EDGAR J. DIETRICH'S, MOTION TO REMOVE TRUSTEE, BASIL T. SIMON

### PROPOSED ORDER

At a session of said Court, held in the City of Detroit,
County of Wayne, State of Michigan
On September __, 2013

HON. _____
MARCI B. MCIVOR

This matter having come before this Honorable Court upon Debtor, Edgar J.

Dietrich's, Motion to Remove Trustee, Basil T. Simon, and this Court having considered

the arguments and evidence presented and being otherwise fully advised;

**IT IS HEREBY ORDERED** that Trustee, Basil T. Simon, is removed from this

bankruptcy matter, *In Re Dietrich,* Bankruptcy Case 13-57297, and an impartial Trustee

is hereby to be appointed to this matter.

**SO ORDERED.**

HON. _____
        MARCI B. MCIVOR