UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Bankruptcy Case No. 13-57297-PJS
Chapter 7
EDGAR J. DIETRICH  Hon. Phillip J. Shefferly

      Debtor.
_____/

**TRUSTEE'S RESPONSE TO DEBTOR, EDGAR J. DIETRICH'S MOTION TO REMOVE TRUSTEE, BASIL T. SIMON**

NOW COMES Basil T. Simon ("Trustee"), by and through his attorneys, Simon, Stella & Zingas, P.C. and as his Response to Debtor, Edgar J. Dietrich's Motion To Remove Trustee, Basil T. Simon, states as follows:

1. Answering Paragraph 1 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

2. No answer is required as to the statement of the Debtor made in Paragraph 2 of his Motion.

3. Answering Paragraph 3 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

4. Answering Paragraph 4 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

5. Admitted. By way of further answer, said petition was improperly filed in Bay City as Debtor is clearly domiciled in Wayne County.

6. Admitted.

7. Answering Paragraph 7 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

8. Answering Paragraph 8 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

9. Admitted only as to the appointment of Basil T. Simon as Receiver. As to the remaining allegations, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

10. Admitted only that Debtor wrongfully refused access to the Receiver to the building. The remaining allegations are neither admitted nor denied and leaves Debtor to his strict proofs.

11. Denied as untrue.

12. Answering Paragraph 12 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

13. The Order referred to in Paragraph 13 speaks for itself.

14. The Order speaks for itself.

15. The Order speaks for itself.

16. Admitted. By way of further answer, Mr. Simon was carrying the directions of the Wayne County Circuit Court Order.

17. Denied as untrue. By way of further answer, in Debtor's previous bankruptcy case, it should be noted that on June 3, 2010, Judge Rhodes of this Court entered a Default Judgment specifically finding as follows:

> The court declares that:
>
> i. any and all Dietrich family or related trusts in which Defendant is or was a settler or trustee, including but not limited to the several and variously named "Dietrich Trusts" and "Dietrich Family Trusts", whether styled as revocable or irrevocable, including but not limited to Trusts purportedly dated March 12, 1985, September 9, 1980 and May 1, 2006, and the "Children's Family Revocable Trust dated June 1, 2006", as respectively amended, as well as E.J. Dietrich Corporation, and GP Collections, LLC are the alter-egos of Defendant, the assets of which thus belongs to the Bankruptcy Estate;

Therefore, any property "seized" was that of the Debtor and not others. Moreover, such property interest that the Debtor has in LeChateau Art Gallery and Custom Framing was not disclosed by the Debtor.

18. Denied as untrue.

19. Denied as untrue.

20. Admitted. However, that Complaint has been dismissed by the U.S. District Court sua sponte on September 30, 2013.

21. Admitted only that the Trustee was appointed as Receiver by the Wayne County Circuit Court. The remaining allegations are denied as untrue.

22. Denied as untrue. In fact, there is a unity of interest.

23. Denied as untrue.

24. Denied as untrue.

25. Answering Paragraph 25 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

26. Answering Paragraph 26 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

27. Answering Paragraph 27 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

28. Denied as untrue.

29. Denied as untrue.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

33. Answering Paragraph 33 of Debtor's Motion, Trustee being without knowledge or sufficient information to form a belief, neither admits nor denies the allegations contained therein and leaves Debtor to his strict proofs.

WHEREFORE, Basil T. Simon hereby respectfully requests that this Court dismiss

Debtor's Motion with costs and fees to Trustee unjustly incurred.

                                            SIMON, STELLA & ZINGAS, P.C.

                            BY:    /S/ Stephen P. Stella
                                            STEPHEN P. STELLA (P33351)
                                            Attorney for Trustee
                                            645 Griswold, Ste. 3466
                                            Detroit, MI 48226
                                            (313) 962-6400
                                            attorneystella@sszpc.com

Dated: October 7, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Bankruptcy Case No. 13-57297-PJS
Chapter 7
EDGAR J. DIETRICH  Hon. Phillip J. Shefferly

    Debtor.
_____/

## PROOF OF SERVICE

I, Antinette Gaty, hereby certify that on October 7, 2013, I electronically filed the following:

**TRUSTEE'S RESPONSE TO DEBTOR, EDGAR J. DIETRICH'S, MOTION TO REMOVE TRUSTEE, BASIL T. SIMON and this PROOF OF SERVICE**

with the Clerk of the Court using the ECF and I hereby certify that the Court's ECF System has served all registered users. I have mailed by United States Postal Service the above-referenced pleading to the following non-ECF participants:

Edgar J. Dietrich
15832 Windmill Pointe
Grosse Point Park, MI 48230

                                         /S/ Aninette Gaty_____
                                        ANTINETTE GATY

Subscribed and sworn to before me     645 Griswold, Ste. 3466
this 7th day of October, 2013             Detroit, MI 48226
                                           (313) 962-6400
_/S/ Stephen P. Stella__               Secretary to Stephen P. Stella
Stephen P. Stella                       attorneystella@sszpc.com
Oakland County, Michigan
My commission expires: 11/18/2017