UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-57297-MBM

**EDGAR J. DIETRICH,**  Chapter 7

    Debtor.  HON. MARCI B. McIVOR
_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

    Plaintiff,

                                    Adversary Case No.

vs.

**EDGAR J. DIETRICH,**

    Defendant.
_____/

**COMPLAINT FOR DENIAL OF DISCHARGE
PURSUANT TO 11 U.S.C. § 727(b) AND 11 U.S.C. § 523(a)(10)**

    Daniel M. McDermott, United States Trustee, complains of the Defendant as follows:

    1.    Defendant, Edgar J. Dietrich, is an individual residing at 15832 Windmill Pointe, Grosse Point Park, Michigan 48230.

    2.    The above-captioned Chapter 7 proceeding was commenced by the filing of a Voluntary Petition on August 21, 2013.

    3.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

    4.    Plaintiff Daniel M. McDermott is the United States Trustee for this region, Region 9.

    5.    The Schedules, filed on August 30, 2013 (docket # 12), reveal the following obligations:

a. Schedule D lists none;

b. Schedule E lists one debt owed in the amount of $390,000; and

c. Schedule F lists four debts in the total amount of $1,989,747.

6. The Debtor filed a prior case (#08-68294-swr) on November 18, 2008 ("the prior case").

7. An adversary proceeding was filed in the prior case (#09-05540) seeking, among other things, to deny the Debtor's discharge under 11 U.S.C. §727.

8. A Default Judgment Denying the Debtor's discharge was entered in the prior case on June 3, 2010 (docket #95).

9. The Debtor filed a Motion for Reconsideration of the Default Judgment. It was denied.

10. The Debtor filed a Motion to Vacate the Default Judgment. It was denied.

11. The Debtor filed an Appeal of the Order Denying Motion to Vacate Default Judgment. The Appeal was dismissed.

12. The Debtor's schedules in the prior case list the identical debts as the pending case. (See Docket #20 filed December 16, 2008 in case number 08-68294.)

13. Pursuant to 11 U.S.C. § 727(b):

Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

14. And, pursuant to 11 U.S.C. §523(a)(10), a discharge under Section 727 does not discharge an individual debtor from any debt—

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (6), or (7) of such Act.

15. The debts listed in the Debtor's current case were, or could have been listed or scheduled by the Debtor in his prior case.

16. Since the Debtor's discharge was denied in the prior case, the debts listed in this case are not dischargeable.

**WHEREFORE,** Plaintiff, Daniel M. McDermott, United States Trustee, respectfully requests that this Honorable Court deny the Debtor's discharge.

                    Respectfully submitted,

                    **DANIEL M. McDERMOTT**
                    **UNITED STATES TRUSTEE**
                    Region 9

      By    /s/ Jill M. Gies (P56345)
                Jill. Gies@usdoj.gov
                Trial Attorney
                Office of the U.S. Trustee
                211 West Fort St - Suite 700
                Detroit, Michigan 48226
                (313) 226-7913

Dated: October 21, 2013