

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered on the last date set forth on the signature pages below ("Effective Date"), by and between Basil T. Simon, Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Edgar J. Dietrich and Le Chateau Art Gallery & Custom Framing, LLC (the "Estate") and Edgar Jason Dietrich and Eric Justin Dietrich ("Dietrich Defendants"). Edgar J. Dietrich and Le Chateau Art Gallery & Custom Framing, LLC are referred to collectively as the "Debtors". Collectively, Dietrich Defendants and Trustee shall be referred to as the "Parties."

## RECITALS:

A. The Trustee is the duly appointed bankruptcy trustee for the Debtors in Case No. 13-57297-MBM, pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Case").

B. On or about August 19, 2015, the Trustee commenced Adversary Proceeding 15-04807 in the Bankruptcy Case (the "Adversary Proceeding") alleging that Dietrich Defendants received or benefitted from certain transfers made to JP Morgan Chase Bank, N.A. and HSBC Mortgage Corporation in the approximate amount of $104,000.00 from or on behalf of the Debtors that are avoidable under various provisions of the Bankruptcy Code.

C. By virtue of this Agreement, the Parties desire to fully and completely resolve this matter in good faith, and settle any and all claims, defenses, and/or counterclaims that were asserted or that could have been asserted in the Lawsuit.

NOW, THEREFORE, in consideration of the promises and the mutual covenants of the Parties stated in this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Recitations**. The above recitations are true and correct and are incorporated herein by this reference.

2. **Non-Admission of Liability**. Nothing in this Agreement shall constitute or be construed as an admission of liability on behalf of Dietrich Defendants, their agents, affiliates, assigns, parents, successors, subsidiaries, and/or successors, or an admission as to the validity of the allegations in the Adversary Proceeding.

3. **Attorney Representation**. This Agreement is entered into voluntarily by the Parties who stipulate and agree that they are under no duress or undue influence. The Parties represent that in the execution of this Agreement, they had the opportunity to consult legal counsel of their own selection and that said attorneys have reviewed this Agreement, made any desired changes and advised their respective clients with respect to the advisability of making the settlement and release provided herein and of executing this Agreement.

**Terms**. This Agreement is subject to entry of an order in the Bankruptcy Case approving the terms and conditions hereof. Upon entry of a final and non-appealable order in the Bankruptcy Case approving the terms of this Agreement, Dietrich Defendants shall pay to the Trustee the sum of $12,000.00 (the "**Settlement Payment**") in full settlement of all claims asserted by the Trustee against Dietrich Defendants, as outlined below. Upon receipt of the Settlement Payment the Trustee shall promptly submit to the Bankruptcy Court an order (which shall be in form and substance reasonably acceptable to Dietrich Defendants), dismissing the Complaint as to Dietrich Defendants with prejudice and without costs to the Parties.

4. **Release.** In consideration of the covenants by the Parties set forth in paragraph 4 herein, the Parties, for themselves, the Estate, and their successors, assigns, agents, attorneys, heirs, and all others claiming through them, release, remise and discharge eachother and their predecessors, successors, assigns, heirs, attorneys and agents (the "Released Parties Related Persons") of and from any and all claims, demands, causes of action, debts, damages, costs, fees (including attorneys' fees) and expenses, of any kind or nature ("Claims"), that each asserted or could have asserted against the other or the Released Parties Related Persons arising out of or in connection with the Adversary Proceeding, including any claims relative to the properties located at 15830 Windmill Pointe and 15832 Windmill Pointe, and the $2,500.00 in sanctions against Eric Justin Dietrich as referenced in the Order Dismissing Chapter 11 Case and Imposing Sanctions entered in the Le Chateau Art Gallery & Custom Framing, LLC Chapter 11 bankruptcy case, case no. 14-42121-MBM (Docket No. 17).

5. **Representations and Warranties.** The Trustee represents and warrants to Dietrich Defendants that the Trustee is not aware of any third party or organization claiming to have or having any interest in the claims and causes of action resolved by this Agreement and the Trustee is the sole owner and holder of the claims released herein. Additionally, the Trustee has not assigned, hypothecated, or otherwise transferred any interest in the claims and causes of action resolved by this Agreement. The Trustee further represents and warrants to Dietrich Defendants that the Trustee is not aware of any third party or organization who has asserted or may assert a claim or lien against the proceeds of the settlement memorialized by this Agreement.

6. **Entire Agreement.** This Agreement constitutes the sole and entire agreement between the Parties and supersedes all prior and contemporaneous statements, promises, understandings or agreements, whether written or oral.

7. **Amendments.** This Agreement may be amended, modified or altered at any time upon the approval of the Parties; however, any such amendment must be in writing and signed by all Parties in order for such amendment to be of any force and effect.

8. **Partial Invalidity.** In the event that any provision of this Agreement is declared by any court of competent jurisdiction or any administrative judge to be void or otherwise invalid, all of the other terms, conditions and provisions of this Agreement shall remain in full force and effect to the same extent as if that part declared void or invalid had never been incorporated in the Agreement and in such form, the remainder of the Agreement shall continue to be binding upon the Parties.

2

Version 3 Updated 6.29.15

9. **Survival**. All representations and warranties contained herein shall survive the execution and delivery of this Agreement, and the execution and delivery of any other document or instrument referred to herein.

10. **Applicable Law**. This Agreement shall be subject to and governed by the laws of the State of Michigan, without regard to conflict of law rules.

11. **Costs**. Unless otherwise provided in this Agreement, the Parties have agreed to bear their own attorneys' fees and costs with respect to the Adversary Proceeding, and the preparation of any and all documents necessary to enter into this Agreement. This includes any and all documents attached to this Agreement as Exhibits.

12. **Counterparts**. This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement. Delivery of an executed counterpart of a signature page of this Agreement by facsimile or email shall be effective as delivery of an originally executed counterpart of this Agreement. An original agreement containing the "wet ink" signature of the Trustee shall be delivered to Dietrich Defendants.

13. **Tax Consequences**. The Trustee [and Trustee's Attorney] acknowledge and agree that they are solely responsible for the payment of any and all federal, state, city or local taxes which might be due and owing as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives, in the course of these negotiations, and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.

14. **No Adverse Construction**. The Parties acknowledge that this Agreement has been prepared by each of them through counsel. In the event any part of this Agreement is found to be ambiguous, such ambiguity shall not be construed against any Party.

15. **Not Evidence**. This Agreement shall not be used as evidence in any proceeding other than one to enforce this Agreement, or one seeking damages arising from a breach of this Agreement.

16. **Authority**. Each person(s) executing this Agreement as an agent or in a representative capacity warrants that he or she is duly authorized to do so.

THE REMAINDER OF THIS PAGE INTENTIONALLY BLANK.<br>SIGNATURE PAGES TO FOLLOW.

Version 3 Updated 6.29.15

3

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date set forth below.

DATED: _____ _____
BASIL T. SIMON, CHAPTER 7 TRUSTEE

DATED: 7/12/16  DIETRICH DEFENDANTS

By: _____
Edgar Jason Dietrich

By: _____
Eric Justin Dietrich

4852-0731-1396, v. 1